KLEES, Judge.
Defendant, de la Tour Contractors, Inc., appeals the judgment decreeing that the mortgage of plaintiff, First National Bank Of Commerce (FNBC), primed de la Tour’s materialman’s lien. We affirm.
Defendant was hired by Scott Cecil in May of 1986 to complete work begun by another contractor on certain immovable property in Lake Timberlane Estates. FNBC recorded its mortgage on the same property on May 6, 1986, while defendant’s work was still in progress. Following completion of the work, Cecil failed to pay de la Tour, who filed a materialman’s lien *240 against the property 'on September 17, 1986. On March 17, 1987, defendant brought suit to enforce the lien, and on April 14, 1988, he obtained a judgment against Scott Cecil for the amount of the lien.
On March 8, 1989, FNBC filed a Petition to Establish Ranking of Privileges seeking to have the lien extinguished based on de la Tour’s failure to file a notice of lis pendens within one year after the date of filing the claim or privilege. La.R.S. 9:4833(F) of the Private Works Act requires that a notice of lis pendens be timely filed in order to preserve the effectiveness of a materialman’s lien with regard to third parties. On April 11, 1989, the trial judge concluded that FNBC’s mortgage primed defendant’s ma-terialman’s lien. Defendant appeals that judgment.
The Private Works Act was created to provide a special privilege to laborers, fur-nishers of materials, contractors, subcontractors, etc. on private immovable property. One must comply with the provisions of the Act to obtain and preserve the privilege.
La.R.S. 9:4822 requires that a statement of a claim or privilege be filed no later than sixty days after the filing of a notice of termination of the work or substantial completion of that work. In this case, De la Tour timely filed a Workman and Material-man’s lien on September 17, 1986.
The Act further requires that one holding a materialman’s lien must institute an action against the owner of the property within one year of the recordation of the privilege. La.R.S. 9:4823. A privilege, once properly asserted, is extinguished unless a suit has been timely filed. De la Tour timely filed suit on March 17, 1987.
Finally, La.R.S. 9:4833(F) provides:
F. The effect of filing for recordation of a statement of claim or privilege and the privilege preserved by it shall cease as to third persons unless a notice of lis pen-dens identifying the suit required to be filed by R.S. 9:4823 is filed within one year after the date of filing the claim or privilege ...
Defendant did not comply with this section of the statute.
The first issue on appeal is whether FNBC qualifies as a third person under the terms of the statute.
La.R.S. 9:2722 defines third persons:
Third persons or third parties so protected by and entitled to rely upon the registry laws of Louisiana now in force and effect as set forth in this Chapter are hereby redefined to be and to include any third person or third party dealing with any such immovable or immovable property or acquiring a real or personal right therein as purchaser, mortgagee, grantee or vendee ... and all other third persons or third parties acquiring any real or personal right, privilege or permit relating to or affecting immovable property.
Defendant claims that the registry laws do not apply to FNBC because they are not third persons. Defendant relies upon Sick v. Bendix United Geophysical Corporation, 341 So.2d 1308 (La.App. 1st Cir.1977), wherein the First Circuit held that “the Legislature never intended to include as a third person or third party a bad faith tresspasser ...” FNBC is not a bad faith tresspasser, but a mortgagee. The language of R.S. 9:2722 clearly indicates that the Legislature did intend to include purchasers, mortgagees, grantees, vendees and lessees as third persons. As a mortgagee, FNBC is therefore entitled to rely upon the public records.
De la Tour further contends that when FNBC’s mortgage was recorded in May of 1986, no litigation was pending and, therefore, filing a notice of lis pendens at that time would have been premature. Under the Private Works Act, however, the critical date is when the privilege was filed, September 17, 1986, not when the mortgage was recorded. De la Tour had a year from the recording of the privilege to file a claim and lis pendens to preserve the lien as to third parties. Defendant’s failure to comply with this requirement resulted in the extinguishment of that privilege.
De la Tour additionally claims that FNBC had a remedy provided by La.R.S. *241 9:4820(C), which states that one intending to acquire a mortgage on immovable property may hire a surveyor, architect or engineer to inspect the property and submit an affidavit stating that work had not begun nor had materials been placed on the property at the time the mortgage was recorded. This argument is also without merit because FNBC is not claiming that its mortgage outranks the materialman’s lien because it was recorded prior to beginning work on the property. It is undisputed that the work began before the mortgage was recorded. The issue here concerns the preservation of the privilege, not its creation. Defendant failed to properly preserve his privilege.
Because notice of lis pendens was not timely filed, defendant’s Materialman’s Lien is ineffective as to third parties, and is primed by plaintiff’s mortgage.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.
SCHOTT, C.J., files a dissenting opinion.