JjMICHAEL E. KIRBY, Judge.

STATEMENT OF THE CASE

In this action, filed to enforce the arbitration clause of a residential construction contract, defendant Paul Hyde, Inc. (“Hyde”) seeks supervisory review of a judgment granting plaintiff Beverly D. Richard’s motion to dissolve a contractor’s lien filed by Hyde.[1]

FACTS

Plaintiff alleged in her petition that she and Hyde entered into a contract for construction of a single family home on May 20, 2002, to be constructed at 8700 Scotts-wood Drive in New Orleans. The contract provided for arbitration. Hyde “abandoned” construction in January 2003, after “numerous conversations” between the parties. Plaintiff subsequently notified Hyde that she did not wish Hyde to complete construction of her home, and that she would agree to dissolve the contract. A disagreement arose over the amount of money plaintiff owed Hyde. Plaintiff submitted a notice of arbitration to Hyde on March 10, 2003. | ¡.Hyde filed a hen on April 3 to cover $34,322.91 allegedly owed to it by plaintiff. The instant suit followed.

DISCUSSION

Plaintiff claimed in her motion that Hyde’s lien should be stricken because, among other things, the contract provided for arbitration, and because Hyde failed to file a “notice of contract” pursuant to La. R.S. 9:4811 prior to filing its lien. However, in her trial court memorandum plaintiff did not argue that arbitration precluded Hyde from filing its hen. Further, there is no support for the proposition that arbitration precludes a general contractor *1002 from filing a lien to protect the privilege granted it under the Private Works Act, La. R.S. 9:4801, et seq. Plaintiff conceded in her trial court memorandum that there was “no dispute” that Hyde filed a notice of contract.
La. R.S. 9:4801(1) grants a contractor a privilege on an immovable for the price of his work. Under La. R.S. 9:4822(B), to protect that privilege, a general contractor whose privilege has been preserved by filing a notice of contract under La. R.S. 9:4811 “shall file a statement of his privilege within sixty days after the filing of the notice of termination or substantial completion of the work.”[2]
It is not disputed that there was no “notice of termination” filed in this case. La. R.S. 9:4822(H) states that a work is “substantially completed” when:
(1) The last work is performed on, or materials are delivered to the site of the immovable or to that portion or area with respect to which a notice of partial termination is filed; or
| c¡(2) The owner accepts the improvement, possesses or occupies the immovable, or that portion or area of the immovable with respect to which a notice of partial termination is filed, although minor or inconsequential matters remain to be finished or minor defects or errors in the work are to be remedied.
Plaintiff argued in her trial court memorandum that construction on her residence had not been substantially completed, and therefore the period set by La. R.S. 9:4822(B) within which Hyde could file its lien had not begun to run. In other words, plaintiff interpreted La. R.S. 9:4822(B) as providing a sixty-day window within which a general contractor can file its lien. Plaintiff conceded that there was no jurisprudence addressing the issue of a general contractor’s lien filed before substantial completion (or the filing of a notice of termination of the work).[3]
In its writ application, Hyde cites this court’s decision in First National Bank of Commerce v. de la Tour Contractors, Inc., 570 So.2d 239 (La.App. 4 Cir.1990), where this court stated that La. R.S. 9:4822 required that a statement of a claim or privilege be filed “no later than sixty days after the filing of a notice of termination of the work or substantial completion of the work.” Hyde submits that, based on this interpretation, its lien would only be invalid if it was filed “later than” sixty days after substantial completion. The interpretation of the language of La. R.S. 9:4822 with regard to when a general contractor or other party with a privilege under the Private Works Act can file a lien was not at issue in First National Bank of Commerce v. de la Tour Contractors, Inc. Therefore, its value as Lprecedent is minimal. However, that view is not without support. It has been suggested that the “within” language of La. R.S. 9:4822 means that the lien must be filed “not later than” the period set forth by the applicable provision. Rubin, Ruminations on the Loui *1003 siana Private Works Act, 58 La. L.Rev. 569, 591 (1998) (noting the lack of any jurisprudence on the issue).
Reading the statute in a way that would allow early lien filing would benefit lien claimants, particularly those who start work early on a project and who complete their tasks well before substantial completion of the entire construction, such as those who supply concrete for the slabs or those who install the roof.

Id.

Plaintiff seeks strict construction of La. R.S. 9:4822(B), and a holding that, essentially, a general contractor or other person with a privilege under the Private Works Act cannot file a lien before notice of termination or substantial completion. The Private Works Act is in derogation of general contract law, and the general rule is that it therefore must be strictly construed. Hibernia National Bank v. Belleville Historic Development, L.L.C., 2001-0657, p. 7 (La.App. 4 Cir. 3/27/02), 815 So.2d 301, 305, writ denied, 2002-1177 (La.6/14/02), 818 So.2d 785. However, it should not be construed so as to defeat the purpose of the statute. Subdivision Planning Engineers, Inc. v. Manor Dev. Corp., 349 So.2d 247 (La.1977). In Subdivision Planning Engineers, supra, the court stated that the object of the predecessor statute to the Private Works Act was first, to protect the claims of all those whose labor, skills and material improve the immovable. Reading La. R.S. 9:4822(B) to require the filing of a lien only within a sixty-day window “would make it more difficult for lien claimants to assert their rights.” Rubin, Ruminations on the Louisiana Private Works Act, 58 La. L.Rev. 569, 590 (1998).
IfiThe purpose of the Private Works Act would be thwarted by interpreting La. R.S. 9:4822(B) to hold that Hyde, who no longer is working on plaintiffs home, cannot file its lien before substantial completion of the home. Such a holding would require that Hyde, and others afforded privileges by the Private Works Act, including laborers, exercise considerable diligence to ascertain when substantial completion occurs so as to be able to file their liens within a sixty-day window. Conversely, a holding that Hyde’s lien was properly filed when its participation in the project ended, although before substantial completion, would promote the object of the Private Works Act. Plaintiff does not suggest any negative consequences to permitting someone in Hyde’s circumstances to file its lien when its participation in the project ends. Therefore, we find that Hyde’s lien was properly filed.

CONCLUSION

For the foregoing reasons, we grant the writ and reverse the judgment of the trial court, thereby reinstating Hyde’s lien.
WRIT GRANTED; JUDGMENT REVERSED.

. In the caption of their application for supervisory writ, the relator reversed the names in the caption of this case. The caption of the petition in the trial court was "Beverly D. Richard v. Paul Hyde, Inc."

. La. R.S. 9:4822(B) applies to "general contractors.” Hyde refers to La. R.S. 9:4822(B) as the controlling provision of La. R.S. 9:4822, as did plaintiff in her trial court memorandum.

. In C & S Safety Systems, Inc. v. SSEM Corp., 2002-1780 (La.App. 4 Cir. 3/19/03), 843 So.2d 447, this court stated that establishing the date on which substantial completion occurred was an essential element of a subcontractor’s claim under the Private Works Act because that date “marks the commencement of the lien period” under La. R.S. 9:4822(C). However, in C & S this court also noted that the issue of whether a lien can be filed before the commencement of the sixty-day period was res nova, and was an issue it found unnecessary to resolve. 2002-1780, p. 16, 843 So.2d at 457.